NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0014n.06
Filed: October 6, 2004

03-4211

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| THE EXTRACORPOREAL ALLIANCE, L.L.C., | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| MICHAEL ROSTECK, et al., | ) ) | |
| Defendants-Appellees. | ) | |

Before: KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

**PER CURIAM.** The plaintiff, The Extracorporeal Alliance, L.L.C. (Alliance), appeals the district court's denial of its motion for a preliminary injunction against defendants Michael Rosteck and his company, Advanced Perfusion, L.L.C. Had it issued, the injunction would have prevented Advanced Perfusion from doing business with the St. Elizabeth Hospital Medical Center in Youngstown, Ohio. The plaintiff alleges that in signing an agreement to provide services to the hospital, Rosteck breached a written non-compete agreement he had entered into with the Alliance's predecessor company, that he breached a confidentiality agreement with Alliance, that he misappropriated Alliance's trade secrets, that he breached his duty of loyalty and his fiduciary duty to Alliance, and that he tortiously interfered with Alliance's contract and business relationships. The district court reviewed

the motion under the well-established four-prong test of *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985), and denied the plaintiff's motion after determining that Alliance had failed to establish that an injunction was appropriate.

Specifically, the district court found that Alliance was likely to succeed on only one of the claims set out in the complaint, i.e., the alleged breach of loyalty. The district court also determined that Alliance would not be harmed in the absence of injunctive relief because any injury suffered by Alliance could be fully compensated by monetary damages. The court further held that although the public interest factor did not weigh in favor of either party, both the defendant and the hospital would suffer substantial injury if the wide-ranging injunctive relief requested by Alliance was granted.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we cannot say with any certainty that the district court was completely correct in its assessment of the plaintiff's likelihood of success on the merits. However, our function on appeal is limited to a review of the court's order for abuse of discretion, and when the district judge's determination is measured by that standard, we cannot conclude that the district court erred in denying the request for a preliminary injunction. Because the analysis to support this decision has been carefully and fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of

*03-4211*

the district court upon the reasoning set out by that court in its memorandum opinion and order entered on September 5, 2003.